UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPASSIONATE PAIN MANAGEMENT, LLC, | )<br>)<br>) |
| Plaintiff, | ) No. 17 C 5568<br>) |
| v. | ) Chief Judge Rubén Castillo<br>) |
| FRONTIER PAYMENTS, LLC et al., | )<br>) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Compassionate Pain Management, LLC ("Plaintiff") originally filed this action in the Circuit Court of Cook County, Illinois, bringing state-law claims against Frontier Payments, LLC ("Frontier"), Vouchera, LLC ("Vouchera"), Potential, LLC ("Potential"), and THC Merchant Services, LLC ("TMS") (collectively, "Defendants") related to Defendants' alleged failure to remit $134,333.99 owed to Plaintiff. (R. 1-1, State Compl.) Potential removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (R. 1, Notice of Removal.) Plaintiff moves to remand to state court, and Potential moves for leave to amend its notice of removal. (R. 13, Mot. to Remand; R. 16, Mot. to Amend.) For the reasons stated below, Plaintiff's motion to remand is granted, and Potential's motion to amend is denied. Plaintiff's request for attorney's fees and costs is denied.

## BACKGROUND

Plaintiff is a Colorado limited liability company ("LLC") that operates a licensed cannabis dispensary in Louisville, Colorado. (R. 1-1, State Compl. ¶ 4.) Plaintiff engaged TMS in September 2015 to find a company that could process credit and debit card sales for Plaintiff's cannabis dispensary. (*Id.* ¶¶ 11-12.) TMS introduced Plaintiff to Potential and Vouchera as

companies that could provide such a solution, and on October 7, 2015, Plaintiff entered into a contract with Potential. (*Id.* ¶¶ 13-15.) The contract allegedly requires Potential to provide Plaintiff with payment processing hardware, software, and services through Vouchera and other third parties, including Frontier. (*Id.* ¶¶ 15-16, 19.) The contract also provides that once Vouchera processes and approves credit and debit card sales from Plaintiff's customers, Vouchera must pay Plaintiff the proceeds of those sales. (*See id.* ¶ 17.)

Plaintiff claims that Potential performed under the contract until approximately October 2016, when Potential, acting on Vouchera's and Frontier's behalf, allegedly refunded $14,528.25 to Plaintiff's customers in response to disputed transactions without Plaintiff's authorization or an opportunity to review the disputed transactions. (*Id.* ¶¶ 21-22.) Additionally, Frontier and Vouchera, acting on Potential's behalf, allegedly failed to remit $134,333.99 in credit card payments they processed for Plaintiff. (*Id.* ¶¶ 24-27.)

## PROCEDURAL HISTORY

On June 29, 2017, Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois, claiming conversion against all Defendants, and breach of contract and fraud against Potential, Vouchera, and TMS. (*Id.* ¶¶ 29-61.) Plaintiff served Potential with the complaint and summons on July 14, 2017. (R. 1, Notice of Removal at 1; R. 13-1, Ex. A; R. 23, Reply at 1.)

On July 31, 2017, Potential filed a notice of removal. (R. 1, Notice of Removal.) Potential alleges that the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.*) The notice of removal asserts, based on Potential's "information and belief," that Plaintiff is a Colorado LLC with one member who is a natural person domiciled in Colorado, and that Frontier is a Delaware LLC whose members are three natural persons domiciled in New York and Idaho. (*Id.* at 1-2.) Potential then claims that it

2

is a Wyoming LLC whose sole member is a natural person domiciled in Arizona, and that Vouchera is an Illinois LLC with two members—an irrevocable trust whose trustee is domiciled in Arizona and an LLC whose sole member is a natural person domiciled in Arizona. (*Id.* at 1-2.) Finally, the notice of removal alleges that TMS is a Nevada LLC with two members who are natural persons domiciled in Texas and Nevada. (*Id.* at 2.)

Plaintiff served Frontier with the complaint and summons on July 11, 2017, three days before Plaintiff served Potential. (*See* R. 13, Mot. to Remand at 5; R. 18, Opp'n. to Mot. to Amend at 3; R. 23, Reply at 5; R. 24, Opp'n to Mot. to Remand at 3-4.) Potential, however, did not join Frontier in the notice of removal or procure Frontier's written consent to removal at the time Potential filed its notice of removal. (*See* R. 1, Notice of Removal at 1-3.)

On August 2, 2017, the Court dismissed the present action without prejudice to Plaintiff's filing of a motion to remand or an amended federal complaint. (R. 6, Min. Entry.) On August 30, 2017, Plaintiff filed its present motion to remand. (R. 13, Mot. to Remand.) In its motion, Plaintiff argues first that the notice of removal is defective because Potential alleges jurisdiction on "information and belief." (*Id.* at 3-4.) Plaintiff also argues that the remaining Defendants failed to timely consent to the removal in writing, as required under 28 U.S.C. § 1446(b)(2)(A). (*Id.* at 4-5.) Finally, Plaintiff submits that removal is improper because Vouchera is a citizen of Illinois, and 28 U.S.C. § 1441(b)(2) precludes removal if any Defendant is a citizen of the state where the state court action was brought. (*Id.* at 5-6.) Plaintiff claims Potential had no legitimate basis to seek removal, and therefore the Court should award Plaintiff attorney's fees and costs arising from Potential's removal. (*Id.* at 6-7.)

In response, Potential argues that jurisdictional allegations made on "information and belief" are a curable defect. (R. 24, Opp'n to Mot. to Remand at 1-2.) Potential also contends that

TMS and Vouchera timely consented to removal, and that the Court should excuse Frontier's failure to timely consent to removal. (*Id.* at 2-5.) Finally, Potential maintains that Vouchera is not a citizen of Illinois such that 28 U.S.C. § 1441(b)(2) would bar removal. (*Id.* at 5.)

On September 6, 2017, Potential filed its present motion for leave to amend its notice of removal and attached a proposed amended notice of removal to the motion. (R. 16, Mot. to Amend; R. 16-1, Ex. 1.) In the motion, Potential concedes that its notice of removal improperly alleges jurisdictional facts based on "information and belief." (R. 16, Mot. to Amend ¶ 5.) Potential argues, however, that the proposed amended notice of removal cures all defects in the original notice since it clarifies the citizenship of the parties and includes Frontier's consent to removal. (*See id.* ¶ 12.) Potential alternatively argues that the Court should allow Frontier to consent to removal, even if Frontier's consent is untimely, because the Court's dismissal of the complaint on August 2, 2017, should toll the time in which Potential can freely amend its notice of removal to include Frontier's written consent. (*See id.* ¶¶ 17-22.)

Potential's amended notice of removal eliminates the jurisdictional allegations made on "information and belief," and revises the allegations concerning Frontier's and TMS' citizenship. (*See* R. 16-1, Ex. 1.) Frontier is now alleged to be a Delaware LLC with thirteen members, twelve of which are natural persons domiciled in New York, California, Massachusetts, and Idaho, and one of which is a British private charitable company with a principal place of business in England. (*Id.* ¶ 11.) Potential now alleges that TMS is a Nevada LLC with only one member who is a natural person domiciled in Texas. (*Id.*) The amended notice of removal states that Frontier "joins in and consents to the removal of this action, as denoted by [Frontier's] signature on the last page of this Amended Notice of Removal." (*Id.* ¶ 10.) The last page, however, lacks any signature on Frontier's behalf. (*Id.* at 3.) There is a signature line on the last

4

page that is intended for Frontier's Chief Executive Officer ("CEO") to sign, but he has not done so. (*Id.*) Instead, the only signature that appears on the amended notice is that of Potential's counsel of record. (*Id.*)

In response to Potential's motion to amend, Plaintiff argues that Potential's notice of removal must be signed by all of the other Defendants in this case. (R. 18, Opp'n. to Mot. to Amend at 2.) Because all of the other Defendants have still not signed or joined Potential's notice of removal, Plaintiff claims the notice is deficient. (*See id.* at 2-3.) Plaintiff maintains that this defect is substantive, not technical, and therefore fatal to Potential's attempt to remove this case to federal court. (*Id.*) Plaintiff also disputes that the Court's dismissal on August 2, 2017, tolls the remaining Defendants' obligation to consent to removal. (*Id.*)

In reply, Potential concedes that all previously-served Defendants must consent to removal within the thirty days following Potential's service of the summons and complaint. (*See* R. 23, Reply at 1-3, 5.) Potential contends that the Court should excuse Potential's failure to join Frontier in the notice of removal because Potential exercised reasonable diligence in attempting to comply with the removal statute. (*Id.* at 4-5.) Once Potential reviewed the process server affidavits attached to Plaintiff's motion to remand, Potential argues that it then diligently procured the other Defendants' written consent to removal. (*Id.* at 2-3, 5.) Potential also attached to its reply another version of its proposed amended notice of removal, this time with Frontier's CEO's signature. (R. 23-5, Ex. 5.)

## LEGAL STANDARD

"In considering a motion for remand, the court must examine the [plaintiff's] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D.

5

Ill. 2016) (citation omitted). "The removing defendant has the burden of proving the jurisdictional predicates for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

### I. Removal

A defendant may remove an action to federal court if the court has original subject-matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 624 (7th Cir. 2013) ("Since 28 U.S.C. § 1441(a) limits removal to actions in which the district courts of the United States have original jurisdiction, parties can only remove matters that could have originally been brought in federal court." (internal quotation marks omitted)). The Court has original subject-matter jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The removal statute provides that a defendant is required to file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). "When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). The defendant seeking removal must secure consent to removal from all of the other properly joined and served defendants within the thirty-day period removal is permitted. *Am.'s Mortg. Banc, Inc. v. XEZ, Inc.*, No. 06 C 4670, 2006 WL 3754986, at *2 (N.D. Ill. Dec. 18, 2006) ("[I]f all served defendants do not consent to removal within the thirty-day

6

period, the district court shall remand the case." (citation omitted)). To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir.1997) ("But all served defendants still have to support the petition in writing, i.e., sign it."); *see also Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012) ("As these cases demonstrate, the Moving Defendants' Amended Notice of Removal is still deficient because [the remaining defendants] have not signed the amended removal petition."). A defendant's "failure to include other defendants' consent may only be cured *within* the 30-day time period." *Denton*, 2012 WL 3779315, at *3 (emphasis in original); *see also Jarvis v. Davis*, No. 3:16-CV-525, 2016 WL 6275600, at *2 (N.D. Ind. Oct. 27, 2016) (noting that "the requirement of timely written consent is construed strictly" and rejecting evidence of other defendants' consent to removal that was submitted after the thirty-day period for removal expired).

The parties agree that Plaintiff served Frontier on July 11, 2017, three days before Plaintiff served Potential, but Frontier did not join in or consent to Potential's notice of removal within thirty days after Plaintiff served Potential. (*See* R. 13, Mot. to Remand at 5; R. 18, Opp'n. to Mot. to Amend at 3; R. 23, Reply at 5; R. 24, Opp'n to Mot. to Remand at 3-4.) Thus, the Court must decide whether Frontier's failure to timely consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) is fatal to Potential's notice of removal, and, if not, whether leave to amend the notice of removal is appropriate.

While courts in this Circuit have occasionally allowed the filing of an untimely consent to removal, they have done so when the other defendant consented to removal within the thirty-day period, but the notice of removal simply lacked the otherwise consenting defendant's signature. *See, e.g., Coulas Viking Partners v. Belt Ry. Co. of Chicago*, No. 16-CV-3583, 2016 WL

7

3907053, at *1, *2 (N.D. Ill. July 19, 2016) (ruling that a subsequent written consent to removal cured a notice of removal that stated previously-served defendant consented to removal, but failed to include that defendant's signature in the notice of removal); *Detrick v. Home Depot, U.S.A., Inc.*, No. 13 C 3878, 2013 WL 3836257, at *2 (N.D. Ill. July 23, 2013) (same); *Video & Sound Serv., Inc. v. AMAG Tech., Inc.*, No. 12 C 7322, 2012 WL 6692165, at *3 (N.D. Ill. Dec. 19, 2012) (same); *DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2001) (ruling that it was "pointlessly formalistic" to remand when a co-defendant failed to sign the notice of removal when the co-defendant "ultimately expressed in no uncertain terms that it joined in and consented to the removal of th[e] case, and had done so within the thirty day period"). In other words, the defect in those cases was simply that a co-defendant had not provided written consent to removal, but it was clear that the co-defendant had consented within the thirty-day period. In sharp contrast to those cases, Potential has not in its original notice, nor in any of the subsequent proposed amended notices it has filed with this Court, stated that Frontier actually consented to removal *within* the thirty-day period for removal. (*See* R. 1, Notice of Removal; R. 16-1, Ex. 1; R. 23-5, Ex. 5; R. 24-3, Ex. 3.) This failure cannot be cured by an untimely filing of Frontier's written consent to removal. *Denton*, 2012 WL 3779315, at *3 (stating that "[c]ourts in this circuit have held that the failure to include a written consent in a removal petition may only be cured by filing the written consent *within* the 30-day time period" and collecting cases); *see also Henderson v. Raemisch*, No. 10-CV-335-BBC, 2010 WL 3282803, at *2 (W.D. Wis. Aug. 19, 2010) ("[I]f the plaintiff objects in a timely manner, the defendants cannot cure a failure to obtain timely unanimous consent."). Accordingly, the Court must deny Potential's motion for leave to amend.

Potential argues that the Court should excuse its failure to timely join Frontier in the notice of removal because Potential exercised "reasonable diligence" in complying with the removal statute. (R. 23, Reply at 5.) In support of its argument, Potential relies on *Keys By Washington v. Konrath*, No. 93 C 7302, 1994 WL 75037 (N.D. Ill. Mar. 10, 1994), *Radke's, Inc. v. Guarantee Trust Life Insurance Co.*, No. 09-CV-1258, 2009 WL 5206458 (C.D. Ill. Dec. 3, 2009), *report and recommendation rejected*, No. 09-1258, 2009 WL 5206452 (C.D. Ill. Dec. 23, 2009), and *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86 (N.D. Ill. 1996). (*Id.* at 4-5.) In all of those cases, however, the court granted motions to remand and declined to follow an exception to Section 1446's procedural requirements adopted in *Milstead Supply Co. v. Casualty Insurance Co.*, 797 F. Supp. 569 (W.D. Tex. 1992). *See Konrath*, 1994 WL 75037, at *2 (distinguishing *Milstead*); *Pianovski*, 924 F. Supp. at 87 (same).

*Milstead* carved out an exception to Section 1446's procedural requirements to mitigate the harsh effects of the "first-served defendant" rule that was previously followed by the U.S. Court of Appeals for the Fifth Circuit, which required the first-served defendant to remove a case within thirty days or else bar removal for all later-served defendants if it failed to file a valid and timely notice of removal. *Milstead*, 797 F. Supp. at 572. By contrast, the U.S. Court of Appeals for the Seventh Circuit has never followed or adopted the "first-served defendant" rule, and, in any event, Section 1446 has since been amended to do away with that rule. *See Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1009 (N.D. Ill. 2009) (noting that the Seventh Circuit never adopted the "first-served defendant" rule and ruling that "each defendant in a case is entitled to remove an action from state to federal court, regardless of whether earlier-served defendants declined to do so, so long as all defendants consent to removal"); *see also Ferraro v. Humphrey*, No. 2:14-CV-396-TLS, 2015 WL 685886, at *2 (N.D. Ind. Feb. 18, 2015) (noting

that the Federal Courts Jurisdiction and Venue Clarification Act enacted in 2011 rejected the "first-served defendant" rule). Thus, the circumstances justifying the exception to Section 1446 in *Milstead* are not present here. The cases discussing the *Milstead* exception, such as *Konrath*, *Radke's*, and *Pianovski*, are likewise not applicable to this case.

Potential also argues that this case is an example of reasonable diligence so unlike *Pianovski* that the Court should reach the opposite conclusion arrived at in *Pianovski*. (R. 23, Reply at 4-5.) The Court disagrees. Potential does not convincingly argue that it acted with reasonable diligence. Potential failed to obtain Frontier's consent to removal until September 6, 2017, at the earliest, almost a month after the thirty-day deadline for removal expired. (*E.g.*, R. 24-4, Ex. 4.) On that same day, Potential filed its amended notice of removal, but the amended notice still lacked Frontier's CEO's signature. (*See* R. 16-1, Ex. 1.) Potential did not properly present Frontier's written consent to the Court until September 26, 2017, approximately three weeks later. (*See* R. 23-5, Ex. 5.) Because the Court must resolve any doubts in favor of remand, the Court rejects Potential's argument that its failure to timely procure Frontier's consent to removal should be excused. *See Schur*, 577 F.3d at 758 ("[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

Potential argues in the alternative that the Court's August 2, 2017 dismissal should toll the thirty-day period in which Defendant could have filed an amended notice of removal. Potential offers no legal authority to support this argument, and the Court is not aware of any such legal authority. Instead, the "thirty-day period to file the notice of removal is mandatory, and cannot be extended by the consent of the parties or court order." *Dawn Carroll, Inc. v. E. Time Co.*, No. 97 C 876, 1997 WL 413932, at *2 (N.D. Ill. July 18, 1997); *see also Pullen-*

*Walker v. Roosevelt Univ.*, No. 05 C 7053, 2006 WL 862061, at *1 (N.D. Ill. Apr. 3, 2006) ("Although the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied." (citation omitted)). Accordingly, Potential's failure to timely join Frontier in its notice of removal warrants remand of this case back to Cook County Circuit Court.

Because the Court rules that Potential's failure to obtain Frontier's consent within the thirty-day period cannot be cured and leave to amend is inappropriate, the Court need not reach Plaintiff's remaining arguments in support of its motion to remand.

## II. Attorney's Fees

Plaintiff argues that the Court should award it attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) because Potential lacked any legitimate basis to seek removal. (*See* R. 13, Mot. to Remand at 6-7.) Plaintiff claims that Potential failed to investigate whether the other Defendants had been served or consented to removal, and that Potential failed to consider the applicability of 28 U.S.C. § 1441(b)(2), which prohibits removal if any of the properly joined and served defendants are a citizen of the state in which the state court action was brought. (*Id.* at 7.)

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, the Court may award attorney's fees pursuant to Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007) ("Because Pfizer had an objectively reasonable basis for seeking removal, the district court erred by awarding the plaintiffs their attorneys' fees under § 1447(c)."). "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should

11

award a plaintiff his attorneys' fees." *Id.* "By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.* Whether to award costs and fees "rests within the district court's discretion." *Fincher v. S. Bend Hous. Auth.*, 578 F.3d 567, 569 (7th Cir. 2009).

The Court concludes that when Potential filed its notice of removal, it had an objectively reasonable basis to seek removal given that the amount in controversy appears to exceed $75,000 and the parties do appear to have complete diversity of citizenship based on Potential's allegations in its amended notice of removal. *See Midland Mgmt. Co. v. Am. Alt. Ins. Corp.*, 132 F. Supp. 3d 1014, 1016 (N.D. Ill. 2015) (denying motion to remand and permitting removal on grounds of diversity jurisdiction). Additionally, at the time Potential filed its notice of removal, Potential had an objectively reasonable basis to believe that Plaintiff failed to serve Frontier, and therefore Frontier would not have been required to join the notice of removal. (*See* R. 24, Opp'n to Mot. to Remand at 4.) If not for Potential's procedural errors, removal would have been proper. Exercising its discretion, the Court denies Plaintiff's request for fees and costs. *See Miller v. Fed. Int'l, Inc.*, No. 09-CV-105-JPG, 2009 WL 535945, at *3 (S.D. Ill. Mar. 4, 2009) (declining to award plaintiff attorney's fees and costs and observing that "it appears removal would have been proper had [the defendant] attached [co-defendant's] written consent to the Notice of Removal or had [co-defendant] filed its consent separately within the time allowed under § 1446(b)"); *In re Estate of Kuznar*, 954 F. Supp. 2d 761, 769 (N.D. Ill. 2013) ("Although the court questions why [plaintiff] did not remove this case at an earlier time, the issue of the timeliness of [plaintiff's] removal, a waivable defect, should not warrant the imposition of fees.").

Plaintiff argues that an award of fees and costs is warranted because Potential failed to investigate whether the other Defendants had been served or consented to removal. Potential, however, did conduct some investigation as to whether the remaining Defendants had been served. (*See* R. 23, Reply at 1-3; R. 24, Opp'n to Mot. to Remand at 4.) The Court also rejects Plaintiff's claim that Potential's petition for removal was objectively unreasonable because removal in this case is prohibited by 28 U.S.C. § 1441(b)(2). As noted above, Section 1441(b)(2) prohibits removal if any of the properly joined and served defendants are a citizen of the state in which the state court action was brought. 28 U.S.C. § 1441(b)(2). None of the Defendants here, however, are alleged to have Illinois citizenship for purposes of diversity jurisdiction. While Vouchera is alleged to be an Illinois LLC (*see* R. 1-1, State Compl. ¶ 7; R.13-2, Ex. B), the citizenship of an LLC is determined by the citizenship of all the LLC's members, not its state of formation. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Because Vouchera's members are alleged to be citizens of Arizona and not Illinois, Section 1441(b)(2) does not apply in this case. Accordingly, Plaintiff's request for attorney's fees and costs is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (R. 13) is GRANTED, but its request for attorney's fees and costs is DENIED. Potential's motion to amend its notice of removal (R. 16) is DENIED. Case Number 17 C 5568 is REMANDED to Cook County Circuit Court.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: October 4, 2017**